David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Phone: (602) 265-3332
Fax:    (602) 230-4482

Attorneys for the Plaintiff
David Ascher

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| David Ascher<br><br>Plaintiff,<br><br>v.<br><br>Accounts Receivable Technologies<br><br>Defendant. | **Case No:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1  collection practices are not competitively disadvantaged, and to promote
2  consistent State action to protect consumers against debt collection abuses.

3  2.  David Ascher, (Plaintiff), through Plaintiff's attorneys, brings this action to
4  challenge the actions of Accounts Receivable Technologies ("Defendant"),
5  with regard to attempts by Defendant to unlawfully and abusively collect a
6  debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

7  3.  Plaintiff makes these allegations on information and belief, with the exception
8  of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which
9  Plaintiff alleges on personal knowledge.

10  4.  While many violations are described below with specificity, this Complaint
11  alleges violations of the statutes cited in their entirety.

12  5.  Unless otherwise stated, Plaintiff alleges that any violations by Defendants
13  were knowing and intentional, and that Defendants did not maintain
14  procedures reasonably adapted to avoid any such violation.

15  **JURISDICTION AND VENUE**

16  6.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §
17  1692(k), and 28 U.S.C. § 1367 for any supplemental state claims.

18  7.  This action arises out of Defendant's violations of the Fair Debt Collection
19  Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

20  8.  Because Defendant does business within the State of Arizona, personal
21  jurisdiction is established.

22  9.  Venue is proper pursuant to 28 U.S.C. § 1391.

23  **PARTIES**

24  10.  Plaintiff is a natural person who resides in the City of Phoenix, County of
25  Maricopa, State of Arizona.

26  11.  Defendant is located in the City of Woodbridge, State of New Jersey.

27  12.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer"
28  as that term is defined by 15 U.S.C. § 1692a(3).

HYDE & SWIGART
Phoenix, Arizona

13.   Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

14.   Plaintiff is an individual residing within the State of Arizona.

15.   Defendant conducted business within the State of Arizona.

16.   Sometime before April 2012, Plaintiff is alleged to have incurred certain financial obligations.

17.   These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18.   Sometime thereafter, but before April 2012, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

19.   Subsequently, but before April 2012, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20.   Throughout 2012, Defendant called Plaintiff several times in an attempt to collect the alleged debt.

21.   During Defendant's collection calls, Defendant threatened to report this debt on Plaintiff's credit report, despite the default dating back to 2002 and was well outside the applicable credit reporting timeframes.

22.   The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

23.   These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.

HYDE & SWIGART
Phoenix, Arizona

As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e (10).

24. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

25. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

26. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

27. On several occasions, during Defendant's collection attempts, Defendant threatened to sue Plaintiff. Defendant also threatened to garnish Plaintiff's wages. Defendant also made the statement they would "get the money from [Plaintiff's] employer."

28. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

29. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e (10).

30. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

31. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

32. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

HYDE & SWIGART
Phoenix, Arizona

33. During these collection calls, Defendant was loud, forceful, rude, demeaning, and abusive in repeatedly and persistently demanding payment on the alleged debt.

34. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

35. During the collection calls, Defendant would leave voicemails where failed to properly identify Defendant's name and failed to include any of the notices required by law. Consequently, Defendant violated 15 U.S.C. § 1692d(6) and 1692e(11).

36. Defendant's calls were placed to Plaintiff's cell phone. Plaintiff did not have the cell phone at the time of opening the account with the original creditor, nor did Plaintiff ever provide his cell phone number to the original creditor or Defendant.

37. Plaintiff is informed and believes, and thereon alleges, that Defendants contacted Plaintiff on his cellular telephone, via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

38. Plaintiff is informed and believes, and thereon alleges, that the telephone number Defendant's called was assigned to a cellular telephone service for which Plaintiff incurs a charge for all incoming calls pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

39. Plaintiff is informed and believes, and thereon alleges, that Defendant's collection calls constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A).

40. Plaintiff is informed, believes, and thereon alleges that Plaintiff did not provide express consent to receive calls on his cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

41. Defendant's collection calls were in violation of 47 U.S.C. § 227(b)(1)(A) (iii).

HYDE & SWIGART
Phoenix, Arizona

42. Due to Defendants' abusive actions over in a short amount of time, overwhelmed Plaintiff, causing him to suffer emotional distress and mental anguish in the form of nervousness, stress, anxiety, and embarrassment, humiliation, significantly impacting his job, and personal relationships.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 ET SEQ.

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

45. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

HYDE & SWIGART
Phoenix, Arizona

48. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

### COUNT III

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. § 227 ET SEQ

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

51. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

52. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

53. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

54. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

HYDE & SWIGART
Phoenix, Arizona

HYDE & SWIGART
Phoenix, Arizona

## COUNT II

### NEGLIGENT VIOLATION OF

### THE TCPA, 47 U.S.C. § 227 E*T SEQ.*

55. An award of $500 in statutory damages, for each and every negligent violation of 47 U.S.C. § 227(b)(1)(B), pursuant to 47 U.S.C. § 227(b)(3)(B).

56. An award of $500 in statutory damages, for each and every negligent violation of 47 U.S.C. § 227(d)(3)(A), pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Any and all other relief that the Court deems just and proper.

## COUNT III

### KNOWING AND/OR WILLFUL VIOLATION

### OF THE TCPA, 47 U.S.C. § 227 E*T SEQ.*

58. An award of $1,500 in statutory damages, for each and every willful and/or knowing violation of 47 U.S.C. § 227(b)(1)(B), pursuant to 47 U.S.C. § 227 (b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

59. An award of $1,500 in statutory damages, for each and every willful and/or knowing violation of 47 U.S.C. § 227 (d)(3)(B), pursuant to 47 U.S.C. § 227 (b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

60. Any and all other relief that the Court deems just and proper.

### TRIAL BY JURY

61. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date:  January 23, 2013

**Hyde & Swigart**

By:  /s/ David J. McGlothlin
David J. McGlothlin
Attorney for the Plaintiff